IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCUS D. WRIGHT, #171746,      )
                                )
        Petitioner,             )
                                )
v.                              )      CASE NO. 2:05-CV-1176-MEF
                                )
JERRY FERRELL, et al.,          )
                                )
        Respondents.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Marcus D. Wright ["Wright"], a state inmate, on December 9, 2005.  In this petition, Wright challenges convictions for burglary and domestic violence imposed upon him by the Circuit Court of Covington County, Alabama on November 4, 2002.  In their answer filed with this court on January 24, 2006, the respondents assert that Wright has failed to exhaust state remedies with respect to each of the claims now pending before this court.

Specifically, the respondents maintain that Wright currently has a Rule 32 petition pending before the Alabama Court of Criminal Appeals in which he challenges the sufficiency of the evidence to support his burglary conviction, a claim likewise contained in the instant habeas petition.  This assertion is supported by the evidentiary materials submitted by the respondents. *See Respondents' Exhibit I - Alabama Court of Criminal*

*Appeals Docket Sheet for Rule 32 Petition* (appeal of Rule 32 pending on briefs of parties).

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A).  The record in this case demonstrates that Wright has not yet exhausted his available state court remedies.  This court does not deem it appropriate to rule on the merits of the petitioner's claims for relief without first requiring that the petitioner exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Moreover, a stay of this case is not warranted pending the outcome of Wright's state court collateral proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before February 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of February, 2006.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE